(25 Misc. Rep. 292.)

### HIGGINS v. QUINN.

(City Court of New York, General Term. November 18, 1898.)

ASSAULT—SUFFICIENCY OF EVIDENCE.

    A verdict for plaintiff in an action for assault and battery cannot be sustained, the only evidence for plaintiff being his testimony that defendant, his employer, assaulted him, and took from him $20, which D. had intrusted to his care, and the testimony of a physician that a few days after he found certain injuries on plaintiff, D. having denied that he gave any money to plaintiff, defendant and an eyewitness having denied any assault, and testified that defendant, missing $20 from the money drawer, and, finding such sum on plaintiff, took it from him, using no more force than necessary, and plaintiff's testimony that he immediately afterwards made complaint being denied by the officer to whom it was made, who testified that it was four hours later.

Appeal from trial term.

Action by John Higgins against John Quinn. From a judgment on a verdict for plaintiff, defendant appeals. Reversed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

Patrick J. O'Beirne, for appellant.

A. Levy, for respondent.

FITZSIMONS, C. J. The plaintiff charges the defendant with assault and battery. On February 17, 1896, the plaintiff was in the employ of the defendant as bartender in his liquor saloon. The plaintiff claims that about 1 o'clock a. m. the defendant, without cause, assaulted him, grievously injuring him, and at the same time forcibly taking from him two $10 bills, which had been intrusted to him for safekeeping by one Mr. Dick, who was in the saloon in question that morning. The only testimony which plaintiff produced in his own behalf was his own testimony, and that of a physician, who testified that, several days after February 17th, he examined plaintiff, and found certain injuries. Against plaintiff was produced one Mr. Casby, who was called by plaintiff as a witness. He testified that he was present at the time in question, and that plaintiff was not assaulted by the defendant as claimed, and that he was not in any way assaulted. His testimony seems to us to be honest and trustworthy, and, in our opinion, he was a disinterested witness. He testifies that on that occasion defendant claimed that two $10 bills which he had in person placed in a drawer, to which only plaintiff and he had access, were missing, and that plaintiff was asked concerning their whereabouts; that he denied having them; that he (Casby) then saw two $10 bills drop out of one of plaintiff's pockets upon the floor, that were picked up by the defendant, and claimed by him as his property. The defendant also denied the assault, but claimed that plaintiff had taken two $10 bills from the drawer, where they had been placed with other money, and that he found these bills on plaintiff's person; that he then took plaintiff by the arm, and, using no more force than was necessary, put him out of the saloon. Mr. Dick, from whom the plaintiff claims he had received the bills in

·question, was also produced as a witness by the defendant. He admitted having been in the saloon as claimed by the plaintiff, but positively denied that he gave to plaintiff two $10 bills, as stated by him, in trust or for any other purpose. He also, we think, was an honest and disinterested witness. Mr. Hertz, a police officer, testified that about 6 o'clock a. m. on said morning the plaintiff appeared in the ·station house where witness was stationed, and charged the defendant with having assaulted and robbed him; that Higgins was then under the influence of liquor. This testimony also contradicted the plaintiff's testimony, to the effect that, immediately after the alleged assault, which occurred about 2 a. m., he went to the station house, ·and made such charge. Mr. Kane, another witness for the defendant, testified that between 6 and 8 o'clock a. m., on February 17th, he ·saw and talked with plaintiff, who was then intoxicated; that the witness took him to his home, with assistance, in Brooklyn; that ·on the way home he fell several times. Plaintiff on that occasion ·did not complain to witness against the defendant, nor claim that he was assaulted by him.

I have examined the testimony carefully, and find that plaintiff has failed to sustain his charges by the weight of evidence. In fact, a preponderance of evidence is clearly against him, and his complaint ·should have been dismissed on that ground. We are usually against ·disturbing the verdict of a jury, but where, as in this instance, a jury ignores the weight of evidence, and finds a verdict contrary thereto, we deem it our duty to set aside such verdict. As we view the ·matter, the motion made by the counsel for the defendant to dismiss the complaint should have been granted.

The judgment must therefore be reversed, and complaint dismissed, with costs to the appellant.

CONLAN, J., concurs.